# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

##### AT THE

## MARCH TERM, 1927

---

### 17759.   LATIMER *et al.* v. GIFFORD.

1. "The fact that property is placed in the hands of a broker to sell does not prevent the owner from selling, unless otherwise agreed." Civil Code (1910), § 3587.

2. Since both counts of the petition in this case set up a special contract for the performance of services, with an express promise to pay at a price which in the one case was certain, and which in the other case was capable of being made certain, each of the counts is based upon the alleged breach of an express, rather than an implied, agreement, to recover damages measured by the terms of the contract and not in quantum meruit. *Jackson* v. *Buice*, 132 *Ga.* 51, 54 (63 S. E. 823).

3. The jury would have been authorized, but were not required, to find in favor of the plaintiff, under the averments in the first count of the petition.

4. The evidence submitted by the plaintiff broker did not prove the case as laid in the second count of the petition, there being no evidence going to show the making of a contract of listment such as the second count sets forth.

5. The issue which was involved under the first count of the petition, and which would have been involved under the second count if the plaintiff had established the listment as alleged therein, was whether the plaintiff had procured and presented a customer according to the terms of the listment and prior to its expiration. "When the owner of land has placed it for sale with a broker, without setting a time limit, he is bound to exercise such good faith toward his agent as that he will not captiously withdraw the property for the purpose of defeating the agent's commissions about to be earned. If a time limit is set, the agent

Appeal and Error, 4 C. J. p. 650, n. 37.

Brokers, 9 C. J. p. 564, n. 46; p. 565, n. 49; p. 606, n. 81, 83; p. 623, n. 64; p. 635, n. 41; p. 640, n. 76; p. 654, n. 41; p. 660, n. 68.

1

must complete his work within that limit; and if the parties set no limit, the law sets the limit of reasonable time. After the expiration of the limit which the parties themselves have set, or the limit which the law sets in the absence of agreement on their part, the question of capriciousness in the refusal is not involved." *Shaw* v. *Chiles,* 9 *Ga. App.* 460, 462 (71 S. E. 745). One of the defendants having testified that the agreement listing the property with the plaintiff for sale was revoked before the plaintiff procured and presented to the defendants the offer of the purchaser, under the rule just stated it was error for the judge to charge the jury, in effect, that not only must the agent be given a reasonable time to effect a sale before the contract of listment can be withdrawn, but that even after the expiration of such a reasonable time, in order for the broker's contract to be rescinded, there must be given reasonable notice in advance of the principal's intention to revoke the authority to sell. The jury might have been willing to find that the plaintiff had been given a reasonable time to effect a sale by the date on which, the defendants contend, his contract was expressly rescinded, but they might have thought and found, under the charge of the court, that the previous two days' notice alleged to have been given of such intention to rescind was not reasonable and ample notice such as was contemplated by the court's instructions.

6. The various other exceptions to the charge not being likely to arise upon another trial, it is not deemed necessary to deal with them here.

DECIDED MAY 11, 1927. REHEARING DENIED JULY 14, 1927.

Complaint; from Cobb superior court—Judge Knight presiding. October 23, 1926.

*George D. Anderson,* for plaintiffs in error.

*William Attaway, H. B. Moss,* contra.

JENKINS, P. J. Gifford sued P. B. and W. D. Latimer for broker's commissions, in two counts, alleging in the first count that the defendants agreed to pay him a lump sum of $500 if he would find a purchaser for described timber who would buy it at an agreed price of $8000, $3000 to be paid in cash and the balance to be settled in annual deferred payments. This count alleges that the plaintiff did actually procure and present a customer ready, able, and willing to buy the timber at the price and on the terms specified, but that the defendants thereupon declined to consummate the sale in accordance with the contract of listment. The second count alleges that defendants agreed to pay to the plaintiff the usual real-estate commission, alleged by the petition to be f.ve per cent. of the purchase-price of the timber in the event the plaintiff procured a purchaser therefor at such price and on such terms as the defendants might accept; that the plaintiff procured and

presented a purchaser who made an acceptable offer, and that the defendants pretended to decline to accept the offer, but did in fact secretly accept it, and thereafter consummated a sale directly with the plaintiff's customer, in order that the plaintiff might be defrauded out of his commissions, which he alleges he thus became entitled to in the sum of $400. Neither count of the petition was demurred to. The jury found in favor of the plaintiff on the second count in the sum of $400. Exception is taken by the defendants to numerous alleged errors in the charge of the court.

Counsel on both sides assume in their briefs that the second count is a suit on a quantum meruit. From the evidence of the plaintiff it appears that a contract of listment such as is set forth in the first count was entered into with him by the defendants on or about June 1, 1922, and that about the middle of September he procured a customer for the timber at the price authorized by the contract of listment, to wit $8000, and on the terms set forth therein, and that when he submitted the customer's offer the defendants declined to consummate the trade, stating that they no longer desired to dispose of the property at the price listed, inasmuch as the value of the timber had advanced. The plaintiff further showed that at a period of about two months subsequent to the time when such proposition was made to and declined by the defendants, the defendants effected a sale of the timber with the person thus procured by the plaintiff, at a price of $9000. The defendants admitted having made a contract with the plaintiff such as was set forth in the first count of the petition, but also contended that on Thursday preceding the Monday on which the plaintiff came to them with the offer they notified the plaintiff that unless a purchaser was found by the following Saturday, the contract listing the property for sale would be considered as terminated. This testimony for the defendants was denied by the plaintiffs. One of the defendants testified also that the customer produced by the plaintiff had already inspected the property with a view to purchasing the same prior to the time that the property had been listed with the plaintiff. One of the excerpts from the charge of the court excepted to is as follows: "I charge you that if you believe from the evidence that defendants employed the plaintiff to sell the property in question, that he had a right to continue his efforts to sell said property until notice was given him that the

property had been withdrawn from the market, and that notice, in order to be effective, would have to be given him and not to his prospective customer.  Notice to the customer would not be notice to him of such withdrawal, and this notice would have to be given him a reasonable time before his agency could be terminated; it could not be captiously or capriciously done, but must be done fairly."    *Judgment reversed.  Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

As will be seen by the syllabus and the statement of facts in the original decision, this was a suit brought in two counts by a real-estate broker for commissions.  The first count set up a contract with the defendant owners of the property by which they agreed to pay commissions in the flat sum of $500 if the plaintiff broker would find a purchaser for the property involved at an agreed price of $8000, to be paid according to terms set forth by the petition.  The second count alleges that the defendants agreed to pay the plaintiff the usual real-estate commission of five per cent. on whatever price the agent might procure for the property, acceptable to the defendants.  The court held in the original syllabus that while these two counts set up different and distinct contracts of listment, both involved an express promise to pay a definite amount, one being definite by the terms of the agreement itself, and the other being definite inasmuch as it was capable of being made so merely by calculating the amount of five per cent. on whatever price the property should be sold for.  In neither count do we think the action sounded in quantum meruit.  Courts have nothing to do with measuring the quantity or value of services when the measure or value has been already expressly fixed by the contract sued on.  It was for this reason that the statement was made that in our opinion neither the first nor the second count was grounded on quantum meruit.

The judgment was reversed for two reasons.  First, because the verdict in favor of the plaintiff on the second count was not authorized by the evidence; and, secondly, on account of what we deemed an erroneous statement of the law, as set forth in the excerpt from the charge of the court embodied in the statement of facts.  .The reason why we deemed this charge not only erroneous but possibly harmful, and therefore ground for reversal,

is stated in the fifth division of the syllabus. The charge of the court was dealt with for the reason that since, under our decision, the case would have to be tried again, we felt it incumbent upon us to pass upon such complaints concerning the charge as might' conceivably come up on another hearing.

The main contention which able counsel for defendant in error urges in his strenuous but courteous motion for rehearing is that this court departs from the exercise of its functions and powers when it undertakes to say what is and what is not authorized by the evidence. In our syllabus it was stated that the jury could have found in favor of the plaintiff on the first count of the petition; that the evidence authorized, but did not require, a finding in his favor on that count. It was stated that the verdict actually rendered in favor of the plaintiff as expressly based upon the second count was altogether unauthorized, in that there was no sort of testimony setting up the contract sued on in that count of the petition. On the contrary, the evidence for the plaintiff, in proving the contract as alleged in the first count, distinctly and plainly negatives the existence of any such agreement as is alleged by the second count. Had the jury found in plaintiff's favor upon the disputed issues of the first count, this court would necessarily have affirmed the judgment, provided no errors of law had appeared such as are dealt with in the fifth division of the syllabus. The jury having found against the first count, although under the evidence it might have done otherwise, and having found in favor of the second count, which according to plaintiff's own evidence it was wholly unauthorized to do, this court, of necessity, must hold that the verdict was contrary to law, as being without evidence to support it. It is true, as counsel for defendant in error strongly asserts, that nothing is better settled than that issues of fact are for the jury, that this court was established for the correction of errors of law, and that the verdict of a jury as approved by the trial judge is conclusive as to all issues of fact properly submitted to them. It is just as well settled, however, that in a case where an essential allegation of a petition is altogether without any sort of evidence to support it, but on the contrary is contradicted by all the evidence in the case, including that of the party in whose favor the verdict was rendered, the legality

of the verdict does not involve an issue of fact, but such an un-supported verdict must be set aside as being contrary to law.

*Rehearing denied.*